## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TYRONE F. SANDERS,

          Plaintiff,

    v.

BANK OF AMERICA, N.A.,

          Defendant.

CIVIL ACTION FILE NO.

1:13-cv-1904-WSD-RGV

## MAGISTRATE JUDGE'S FINAL REPORT,
## RECOMMENDATION, AND ORDER

Defendant Bank of America, N.A. ("BANA") has filed a motion to dismiss,

[Doc. 4],[1] *pro se* plaintiff Tyrone F. Sanders' ("plaintiff") complaint, and a motion to

stay, [Doc. 6], both of which plaintiff has not opposed.[2]  Rather, plaintiff has filed a

motion to remand, [Doc. 7], which BANA opposes, [Doc. 8].  For the following

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

[2] Because plaintiff has not filed a response to BANA's motions, they are deemed unopposed.  See LR 7.1B, NDGa.  Nevertheless, the undersigned will address the merits of the motions.  See Trainer v. Nix, Civil Action No. 1:07-CV-1227-JOF, 2009 WL 2370677, at *1 (N.D. Ga. July 29, 2009) (considering merits of defendants' motions even though they were unopposed); Eley v. Morris, 390 F. Supp. 913, 917-18 (N.D. Ga. 1975) (evaluating plaintiffs' motions on the merits despite defendants' failure to file responses in opposition).

reasons, BANA's motion to stay, [Doc. 6], is **GRANTED**,[3] and it is hereby

**RECOMMENDED** that plaintiff's motion to remand, [Doc. 7], be **DENIED**, that

BANA's motion to dismiss, [Doc. 4], be **GRANTED**, and that plaintiff's complaint

be **DISMISSED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The instant action concerns the real property located at 4365 Riversound

Drive, Snellville, Georgia 30039 (the "property").[4]  [Doc. 1-1 at 4; Doc. 1-2 at 4

(security deed); Doc. 4-2 at 2 (note)].[5]  On November 1, 2005, plaintiff obtained a

_____

[3] In the motion to stay, BANA seeks a stay of its obligation to serve initial disclosures, participate in a Rule 26(f) conference, and prepare and file a report of that conference and a proposed discovery plan until after the Court rules on its motion to dismiss. See [Doc. 6].  Upon consideration of the motion to stay, the Court hereby **GRANTS** the motion, [Doc. 6], and **ORDERS** that the parties' obligations to participate in a Rule 26(f) conference and to file initial disclosures and a joint preliminary report and discovery plan be stayed until the District Judge reviews this Report and Recommendation on the pending motions.

[4] The factual background is taken from the pleadings and does not constitute findings of fact by the Court.

[5] Generally, the Court "may not consider matters outside the pleadings without converting the motion to a motion for summary judgment[.]"  Redding v. Tuggle, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1; see also Omega Patents, LLC v. Lear Corp., No. 6:07-cv-1422-Orl-31DAB, 2008 WL 821886, at *1 (M.D. Fla. Mar. 20, 2008).  However, the Court may consider an exhibit without converting the motion into a motion for summary judgment if it is "central to the plaintiff's claim and the authenticity of the document is not challenged."  Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (per curiam) (unpublished) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116

mortgage loan in the original principal amount of $393,000.00 from Home Capital, Inc. ("Home Capital") and used the proceeds of the loan to purchase the property. [Doc. 1-2; Doc. 4-2].  The transaction was secured by the property pursuant to a security deed executed by plaintiff, conveying the property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as grantee-nominee for Home Capital.  [Doc. 1-2].  Thereafter, MERS conveyed all beneficial interests and rights in the security deed to BANA, see [Doc. 4-1 at 2], and it appears that plaintiff subsequently defaulted on his obligations owed under the loan and security deed, see generally [Doc. 1-1].

On May 7, 2013, plaintiff filed the instant action against BANA in the Superior Court of Gwinnett County, Georgia, and his complaint refers to violations of the Fair

---

F.3d 1364, 1369 (11th Cir. 1997) (per curiam)); see also Atwater v. Nat'l Football League Players Ass'n, Civil Action No. 1:06-CV-1510-JEC, 2007 WL 1020848, at *3 (N.D. Ga. Mar. 29, 2007); Cobb v. Marshall, 481 F. Supp. 2d 1248, 1254 n.2 (M.D. Ala. 2007).  The documents at issue here are central to plaintiff's claims and he has not challenged their authenticity. Zinn v. GMAC Mortg., No. 1:05 CV 01747 MHS, 2006 WL 418437, at *3 (N.D. Ga. Feb. 21, 2006).  Furthermore, the documents are public documents, and "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion."  Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); see also Zivanic v. Wash. Mut. Bank, F.A., No. 10-737 SC, 2010 WL 2354199, at *2 n.2 (N.D. Cal. June 9, 2010).  Accordingly, the Court will consider the documents attached to plaintiff's complaint as well as BANA's exhibits at this stage without converting the motion to dismiss to a motion for summary judgment.  See Metal Morphosis, Inc. v. Acorn Media Publ'g, Inc., 639 F. Supp. 2d 1367, 1374 (N.D. Ga. 2009 ) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)).

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. See [Doc. 1-1]. Plaintiff also appears to assert state law claims for failure to produce the original promissory note; a violation of the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390; and fraud, and he asserts that MERS lacked standing to transfer any rights in the security deed, that the securitization of the loan was improper, and that the originating lender did not in fact lend him any money and he therefore does not have to pay the loan back. [Id. at 13, 19-21, 24-27, 35].

Plaintiff's complaint, which contains forty-seven "Facts" but no specific counts, includes attacks on the mortgage industry in general as well as BANA's ability to foreclose based on whether it "own[s] 'both' the mortgage (security deed) and the note– meaning: prove a valid 'chain of title', therefore ending this controversy once and for all, thus saving valuable time for all parties concerned." See generally [Doc. 1-1]; see also [id. at 9 (emphasis omitted)]. Although many of the allegations in the complaint are rather rambling, plaintiff asserts that he "disputes this debt; [] disputes all claims of contract . . . . denies this debt and the default because there is no debt and therefore there is no default[, and ] [t]herefore, the scheduled foreclosure must be postponed." [Id. at 10 (emphasis omitted)].

4

In the complaint, plaintiff references the FDCPA and asserts that he "mailed a [qualified written request ('QWR')] and FDCPA inquiry for verification to [BANA] . . . so they have nowhere to hide," see [id. at 8-9], and that he has not "received proper validation of the alleged debt," [id. at 9].  Plaintiff also requests that BANA provide a certified copy of the original note, see [id. at 10], and "demands" that BANA "show the Court the actual proof that they made the loan, lost the money and have not already been paid," [id. at 12 (emphasis omitted)].[6]  Plaintiff's complaint contains numerous nonsensical demands, including that "[t]he Court must require the alleged assignment(s) and chain of title to be forensicly tested and – under discovery – must require the examination of the money trail to make sure the assignment(s) was not a sham."  [Id. (second and third alterations in original) (emphasis and internal marks omitted)].  Plaintiff also cites California law in his complaint, see [id.], and asserts that BANA's "misconduct resulted in the issuance of improper mortgages, premature and unauthorized foreclosures, violation of service members' and other homeowners' rights and protections, the use of false and deceptive affidavits and other documents, and the waste and abuse of taxpayer

---

[6] Despite plaintiff's best attempt in the complaint to avoid labeling his allegations as a "show me the note" claim, see [Doc. 1-1 at 25 (emphasis omitted) ("It is a fact that the [p]laintiff is not using or claiming the "Show Me the Note" defense.")], this is precisely the theory upon which most of his vague and conclusory assertions are based, see [id. at 10, 18-20, 25-26, 30, 36].

funds," [id. at 13 (emphasis omitted)].  Plaintiff further asserts that "[i]t is a fact that when it comes to the [p]laintiff's mortgage, no loan was ever made," [id. at 19 (emphasis omitted)], and that "no debt can exist unless a loan was made," [id. at 21].

In his prayer for relief, plaintiff asks the Court for, among other things, rescission of the loan agreement, restitution and damages, court costs and attorneys' fees, and "such other and further relief as the Court deems just and proper."  [Id. at 41].  Finally, plaintiff asserts:

> This complaint is my way of taking a stance and fighting back against the institutionalization of hypocrisy and deviant behavior on the part of the banks, that have left us with settlements that settle nothing, leaving millions of homeowners who lost their homes to entities that received a windfall from the foreclosure process.  It is time for the unwashed to have justice and their day in court and for the truth to finally come out.

[Id. at 42 (emphasis and internal marks omitted)].[7]

On June 6, 2013, BANA removed plaintiff's complaint to this Court, see [Doc. 1], and filed the pending motion to dismiss plaintiff's claims, [Doc. 4], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint is a shotgun pleading which fails to comply with the notice pleading required under

---

[7] Plaintiff has also attached three exhibits to his complaint, see [Doc. 1-1 at 44-67]; however, it is unclear how these documents are relevant to plaintiff's case, they have not been authenticated in any way, and plaintiff has not sufficiently referred to these documents in his complaint.

Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim upon which

relief may be granted,[8] [id. at 5-19].  The Court will address each of these arguments.

---

[8] BANA removed this action to federal court by properly asserting federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.  See [Doc. 1].  Plaintiff has filed a motion to remand, [Doc. 7], asserting that there is no federal question jurisdiction and that BANA has failed to meet its burden to show that the amount in controversy has been met, arguing that the value of the property is not at issue in this case, see generally, [id.].  Plaintiff, however, seeks to prohibit any foreclosure sale of his property and/or seeks to rescind the loan in addition to his request for $74,950.00 in restitution and damages, see [Doc. 1-1 at 39, 41], and therefore, "'the value of the property determines the financial value at stake.'"  Watkins v. Beneficial, HSBC Mortg., Civil Action No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 n.9 (N.D. Ga. Sept. 2, 2010), adopted by 2010 WL 4312878, at *1 (N.D. Ga. Oct. 21, 2010) (quoting Roper v. Saxon Mortg. Servs., Inc., Civil Action No. 1:09-CV-312-RWS, 2009 WL 1259193, at *2 (N.D. Ga. May 5, 2009)); see also Osborne v. Bank of Am., N.A., Civil Action No. 1:10-cv-02577-TCB, at [Doc. 12 at 4] (N.D. Ga. Sept. 13, 2010) (citations omitted) ("Because [plaintiff] is seeking injunctive relief barring foreclosure of his home, the value of the home determines the amount in controversy.").  BANA has shown that the value of the property is in excess of the $75,000 jurisdictional requirement, see [Doc. 1 at 5 ¶ 16; Doc. 1-2 at 2], and the Court therefore has jurisdiction over plaintiff's complaint even in the absence of any viable claims under federal law, see Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 764-65 (11th Cir. 2012) (per curiam) (unpublished).  However, plaintiff's complaint also attempts to assert violations of the FDCPA and RESPA, see generally [Doc. 1-1], and therefore raises federal questions, thereby also satisfying subject matter jurisdiction.  See Buckley v. Bayrock Mortg. Corp., Civil Action File No. 1:09-CV-1387-TWT, 2010 WL 476673, at *4 (N.D. Ga. Feb. 5, 2010), adopted at *1.  Furthermore, plaintiff's motion to remand appears to have been pulled "off of the internet," as it is nearly identical to motions to remand filed in other cases in this Court, which "diminishes what limited credibility the [motion] may have enjoyed."  Johnson v. EMC Mortg. Corp., Civil Action No. 1:09-CV-3510-WBH, [Doc. 12 at 2-3], (N.D. Ga. Feb. 11, 2010); see also Roberts v. CitiMortgage, Inc., Civil Action No. 1:13-cv-02058-CAP-RGV, at [Doc. 8] (N.D. Ga. June 26, 2013) (plaintiff's filing of a nearly identical motion to remand).  Accordingly, it is hereby **RECOMMENDED** that plaintiff's motion to remand, [Doc. 7], be **DENIED**.

## II.  STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the court must accept the plaintiff's allegations as true and construe the complaint in the plaintiff's favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).[9]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations and internal marks omitted).

---

[9] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'"  Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Additionally, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.  If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.'"  Id. (alteration in original) (footnote omitted) (quoting  Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)) .  Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Furthermore, "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Broner v. Washington Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555 (citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

556 U.S. at 678-79 (last alteration in original) (citations and internal marks omitted).

Additionally, "when a complaint is grounded in fraud, as it appears plaintiff's complaint is, the complaint must comply with Fed.R.Civ.P. 9(b)'s heightened pleading requirement that [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Roundtree v. Countrywide Home Loans, Inc., No. 3:09-cv-189-J-32TEM, 2009 WL 5215334, at *4 (M.D. Fla. Dec. 29, 2009) (alteration in original) (citation and internal marks omitted). "To satisfy Rule 9(b)'s 'particularity' standard, a complaint should 'identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiffs; and (4) what the [d]efendants gain[ ] by the alleged fraud.'" Id. (last alteration in original) (quoting W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted)).

Finally, although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008);

see also <u>Beckwith v. Bellsouth Telecomms., Inc.</u>, 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

## III. DISCUSSION

### A.    Shotgun Pleading

BANA argues that plaintiff's complaint is an impermissible shotgun pleading, and therefore cannot satisfy the pleading requirements of the Federal Rules of Civil Procedure.  [Doc. 4-1 at 6-8].  Specifically, BANA asserts that plaintiff's complaint "fails to identify specific factual matter that would support each claim and, thus, [it] is left to sift through the multitude of paragraphs of irrelevant allegations to determine those that might relate in some way to a claim for relief."  [<u>Id.</u> at 8].  BANA claims that plaintiff "haphazardly makes allegations, but none of them support any claims that [he] is attempting to make," and that the "mass of allegations leaves [BANA] unsure if those allegations relate to a cause of action and need to be addressed."  [<u>Id.</u>].

The Court agrees that plaintiff's complaint "is a quintessential 'shotgun' pleading of the kind [the Eleventh Circuit has] condemned repeatedly." <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam); <u>see also</u> <u>Bailey v.</u>

Janssen Pharm., Inc., 288 F. App'x 597, 602-03 (11th Cir. 2008) (per curiam) (unpublished); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008) (footnote omitted) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years . . . ."). "It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure." Magluta, 256 F.3d at 1284 (citation omitted). Indeed, "[e]ven under Fed.R.Civ.P. 8(a)'s notice pleading provision and the liberal interpretation given to *pro se* pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to a narrative of facts will not suffice." Martinez v. City of Orlando, No. 6:09-cv-802-Orl-22GJK, 2009 WL 3048486, at *5 (M.D. Fla. Sept. 21, 2009), adopted at *2 (citation and internal marks omitted); see also Giscombe v. ABN Amro Mortg. Grp., Inc., 680 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010).

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted). In this case, plaintiff has not included any counts within the complaint, see generally [Doc. 1-1], and "because of the disjointed manner in which [plaintiff's] [c]omplaint is drafted, it is difficult to decipher what

are [plaintiff's] claims," <u>Hayes v. Bank of N.Y. Mellon</u>, Civil Action No. 1:12–CV–2601–TWT–LTW, 2013 WL 504923, at *4 (N.D. Ga. Jan. 18, 2013), adopted by 2013 WL 489145, at *1 (N.D. Ga. Feb. 8, 2013).  Instead, he sets forth forty-seven "Facts" that contain vague, conclusory, and rambling irrelevant material rather than substantive and factual allegations.  <u>See</u> [Doc. 1-1].  Indeed, "[i]t is full of vague and conclusory allegations that make it difficult for the Court to understand the claims [p]laintiff is asserting and the factual bases that underlie them," and the Court "has no doubt that the state of this [c]omplaint made it difficult for [BANA] to put forward [its] defense."[10]  <u>Wilson v. JP Morgan Chase Bank, N.A.</u>, Civil Action No. 2:11–CV–00135–RWS, 2012 WL 603595, at *3 (N.D. Ga. Feb. 24, 2012); <u>see also</u> <u>Graham v. Mortg. Elec. Registration Sys., Inc.</u>, Civil Action No. 2:11–CV–00253–RWS, 2012 WL 527665, at *2 (N.D. Ga. Feb. 17, 2012).

"[A] defendant faced with a shotgun complaint is not expected to frame a responsive pleading."  <u>McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.</u>, No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (citation omitted); <u>see also</u> <u>Beckwith</u>, 146 F. App'x at 372 (alteration in original) (citation omitted) ("We do not require the district court, or the defendants to 'sift through the

---

[10] Particularly in light of the fact that plaintiff asserts allegations sounding in fraud throughout his complaint, he has failed to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b).  <u>See</u> <u>Roundtree</u>, 2009 WL 5215334, at *4.

facts presented and decide for [itself] which were material to the particular cause of action asserted.'").  Because "[t]his is a classic and impermissible 'shot gun' complaint, failing to comply with Rules 8[ and 9] of the Federal Rules of Civil Procedure, as well as with the legal standards to be met in order to survive a motion to dismiss," it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED**. Roundtree, 2009 WL 5215334, at *4; see also Davis, 516 F.3d at 983-84; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 & n.5 (11th Cir. 1996). Nevertheless, since BANA has also moved to dismiss the complaint on its merits, the Court will address the merits of plaintiff's discernable claims.  See Wilson, 2012 WL 603595, at *3.

**B.   Merits of Plaintiff's Discernible Claims**

Plaintiff's complaint refers to federal claims under the FDCPA and RESPA as well as state law claims for failure to produce the original promissory note, a violation of the FBPA, and fraud.  See [Doc. 1-1].  BANA argues that plaintiff's complaint should be dismissed as a matter of law.  [Doc. 4-1 at 8-18].[11]

---

[11] Although BANA has not specifically addressed plaintiff's FBPA or fraud claims, the Court will discuss these claims since BANA seeks dismissal of plaintiff's complaint in its entirety.  See Martin v. Citimortgage, Civil Action File No. 1:10-CV-00656-TWT-AJB, 2010 WL 3418320, at *8 n.13 (N.D. Ga. Aug. 3, 2010), adopted by 2010 WL 3418322, at *1 (N.D. Ga. Aug. 25, 2010).  Furthermore, plaintiff's allegations regarding the use of MERS, the securitization of the loan being improper, and that he was not loaned any money but rather credit and therefore does not have a loan to pay back, see [Doc. 1-1 at 13, 19-21, 25, 27], are clearly without merit.

1.    *Plaintiff's Federal Claims*

a.    **RESPA Claim**

Plaintiff makes vague references to an alleged RESPA violation based on BANA's failure to respond to a QWR.  [Doc. 1-1 at 8-9].  However, plaintiff has not included sufficient facts to determine which provision of RESPA he alleges was violated.[12]  See generally [Doc. 1-1].  To the extent plaintiff asserts that BANA failed to comply with 12 U.S.C. § 2605(e), see [Doc. 1-1 at 8-9], his complaint fails to state a valid claim for relief, see 12 U.S.C. § 2605(e) (governing the response of loan

Indeed, plaintiff's argument that MERS has no right to act as a nominee is merely a derivative of similar claims that have been addressed and rejected by this court, and remains contrary to the express language in the security deed.  See [Doc. 1-2 at 2].  Additionally, allegations concerning the securitization of mortgage loans have been considered and repeatedly rejected in this Court as without legal merit.  See Sloan-Little v. Bank of Am., Civil Action No. 1:11–CV–2313–TWT–ECS, 2011 WL 7166995, at *4 (N.D. Ga. Dec. 28, 2011), adopted by 2012 WL 386581, at *1 (N.D. Ga. Feb. 6, 2012) (citations omitted).  Finally, plaintiff's argument that he was not loaned money is belied by the promissory note he signed to obtain the loan to purchase the property.  See [Doc. 4-2].  Accordingly, these allegations are without merit and will not be discussed further herein.

[12] Indeed, plaintiff has failed to allege sufficient facts to support his RESPA claim.  See Broner, 258 F. App'x at 256-57; Johnson v. Scala, No. 05 Civ. 5529(LTS)(KNF), 2007 WL 2852758, at *5 (S.D.N.Y. Oct. 1, 2007) (explaining that there are only three private causes of action under RESPA and finding that plaintiffs failed to plead any facts to establish a cause of action under RESPA sufficient to withstand dismissal).  Plaintiff's conclusory statements in his complaint fail to give BANA fair notice of what his claim is and the grounds upon which it rests.  Plaintiff fails to provide any factual allegations supporting this claim, merely making conclusory references to a QWR, which fails to put BANA on notice as to how it violated the statute.

15

servicers to QWRs for information).  Although plaintiff asserts that he "mailed a QWR . . . to the Defendant/Respondent," <u>see</u> [Doc. 1-1 at 9], he fails to allege that he sent a QWR "to the address provided by [BANA] for receipt of such inquiries, or the manner by which [he] knows [BANA] received the QWR" and he "does not provide any information about the contents of the [] mailing," <u>Malally v. BAC Home Loan Servicing, LLC</u>, Civil Action File No. 3:10-CV-0074-JTC-JFK, 2010 WL 5140626, at *8-9 (N.D. Ga. Oct. 8, 2010), adopted by 2010 WL 5140031, at *1 (N.D. Ga. Dec. 13, 2010). Accordingly, his complaint fails to state a valid claim under § 2605.  <u>See id.</u>; <u>see also</u> <u>Arroyo v. Bank of Am., N.A.</u>, Civil Action No. 1:13–CV–01767–RWS, 2013 WL 3785623, at *3 (N.D. Ga. July 18, 2013) (finding plaintiff failed to state a claim for a violation of RESPA where he made "only conclusory statements about Defendants' failure to adequately respond").

Furthermore, "alleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiff must, at a minimum, also allege that the breach resulted in actual damages." <u>Saldate v. Wilshire Credit Corp.</u>, 711 F. Supp. 2d 1126, 1134 (E.D. Cal. 2010) (citation and internal marks omitted); <u>see also</u> <u>Tallent v. BAC Home Loans</u>, No. 2:12–CV–3719–LSC, 2013 WL 2249107, at *5 (N.D. Ala. May 21, 2013) (dismissing plaintiff's RESPA claim for failure to identify any damages suffered as a result of the alleged RESPA violations).  Plaintiff has failed to assert that BANA's

16

alleged violations of RESPA caused him any injury, <u>see</u> [Doc. 1-1], and therefore he has not adequately put BANA on notice as to how any purported RESPA violations harmed him.  Accordingly, plaintiff has failed to state a claim against BANA under RESPA, and it is therefore **RECOMMENDED** that plaintiff's RESPA claim be **DISMISSED**.[13]

### b.   <u>FDCPA Claim</u>

Plaintiff repeatedly references the FDCPA and makes a vague assertion that he made an FDCPA inquiry seeking verification of the alleged debt by affidavit, oath, or deposition.  <u>See</u> [Doc. 1-1 at 8-11].   The purpose of the FDCPA is "'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'"   <u>Owen v. I.C. Sys., Inc.</u>, 629 F.3d 1263, 1270 (11th Cir. 2011) (<u>quoting</u> 15 U.S.C. § 1692(e)).  "Thus, to prevail on a claim under the FDCPA, a plaintiff must show, among other things, that the defendant was a debt collector as defined by the FDCPA and that the challenged conduct is

---

[13] Additionally, to the extent plaintiff seeks equitable relief under RESPA, it is not available as a matter of law.  <u>See</u> <u>Wilson v. Saxon Mortg. Servs., Inc.</u>, Civil Action No. 1:08-CV-3630-CAP, at [Doc. 4 at 2 (<u>citing</u> <u>Mullinax v. Radian Guar., Inc.</u>, 199 F. Supp. 2d 311, 333 (M.D.N.C. 2002) ("'[A]n injunction is unavailable in RESPA private actions. . . .'"))] (N.D. Ga. Dec. 1, 2008).

related to debt collection." Anderson v. Deutsche Bank Nat. Trust Co., Civil Action No. 1:11-cv-4091-TWT-ECS, 2012 WL 3756512, at *3 (N.D. Ga. Aug. 6, 2012), adopted by 2012 WL 3756435, at *1 (N.D. Ga. Aug. 27, 2012) (citing Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012) (per curiam)).

Under the FDCPA, "[t]he term 'debt collector' does not include . . . any person collecting or attempting to collect any debt to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F)(iii); see also Bates v. Novastar/Nationstar Mortg. LLC, Civil Action File No. 1:08-CV-1443-TWT, 2008 WL 2622810, at *6 (N.D. Ga. June 24, 2008), adopted at *1. "Thus, a consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors' so long as the debt was *not* in default at the time it was assigned." Anderson, 2012 WL 3756512, at *3 (citations omitted).  Plaintiff does not allege that his loan was assigned to BANA, the loan servicer, after he was in default on his loan obligation. See generally [Doc. 1-1]. As plaintiff has not alleged that any assignment occurred after his default, he has failed to allege that BANA is a debt collector within the meaning of the FDCPA.

Furthermore, to the extent plaintiff is complaining of activity related to a foreclosure, the Eleventh Circuit has held that "foreclosing on a security interest is not debt collection activity for purposes of [15 U.S.C.] § 1692g." Warren v.

<u>Countrywide Home Loans, Inc.</u>, 342 F. App'x 458, 460 (11th Cir. 2009) (per curiam) (unpublished) (second and third alterations in original) (citations and internal marks omitted) ("[S]everal courts have held that an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA . . . .").[14] Since plaintiff has asserted only vague and conclusory allegations of violations of the FDCPA, and "since foreclosing on a home is not debt collection for purposes of § 1692g," <u>see</u> <u>Warren</u>, 342 F. App'x at 461, he has failed to state a claim upon which relief can be granted, and it is **RECOMMENDED** that plaintiff's FDCPA claim be **DISMISSED**, <u>see</u> <u>Anderson</u>, 2012 WL 3756512, at *3 (footnote omitted) (<u>citing</u> <u>Lacosta v. McCalla Raymer, LLC</u>, Civil Action No. 1:10-CV-1171-RWS, 2011 WL 166902, at *6 (N.D. Ga. Jan. 18, 2011)).[15]

---

[14] Plaintiff has not made a specific claim under the FDCPA or alleged facts that would state a plausible claim under the Eleventh Circuit's recent decisions in <u>Shoup v. McCurdy & Candler, LLC</u>, 465 F. App'x 882, 884-85 (11th Cir. 2012) (per curiam) (unpublished) and <u>Bourff v. Rubin Lublin, LLC</u>, 674 F.3d 1238, 1241 (11th Cir. 2012) (per curiam).

[15] To the extent plaintiff's complaint seeks injunctive relief with regard to the foreclosure sale due to an alleged FDCPA violation, this claim fails. "[E]quitable relief is not available in private actions under the FDCPA." <u>Hennington v. Greenpoint Mortg. Funding, Inc.</u>, Civil Action Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) (citation omitted).

2.      *Plaintiff's State Law Claims*

    a.      <u>**"Produce the Note" Claim**</u>

Plaintiff asks that BANA be required to produce the original promissory note from the original sale in order to prove standing to foreclose on the property.  [Doc. 1-1 at 9-10, 22-26, 30].  To the extent plaintiff is alleging that BANA failed to produce the original promissory note and must do so before it should be permitted to foreclose, such arguments have been repeatedly rejected by this court. <u>Webb v. Suntrust Mortg., Inc.</u>, Civil Action No. 1:1 0-CV-0307-TWT-CCH, 2010 WL 2950353, at *2 n.5 (N.D. Ga. July 1, 2010), adopted by 2010 WL 2977950 (N.D. Ga. July 23, 2010); <u>Porter v. Banking Branch & Trust Co.</u>, Civil Action No. 1:09-cv-03656-JEC, at [Doc. 13 at 12-13] (N.D. Ga. Feb. 24, 2010), adopted at [Doc. 18] (N.D. Ga. Apr. 9, 2010);  <u>Taylor  v.  Johnson  &  Freedman,  LLC</u>,  Civil  Action  No. 1:09-CV-0485-CAM-JFK, at [Doc. 7 at 17] (N.D. Ga. Aug. 4, 2009), adopted at [Doc. 9] (N.D. Ga. Sept. 3, 2009).  Therefore, to the extent plaintiff asserts a claim based on BANA's  alleged  failure  to  produce  the  original  promissory  note,  it  is **RECOMMENDED** that any such claim be **DISMISSED**.[16]

---

[16] In fact, courts agree that there is no requirement that an entity seeking to foreclose produce the original, "wetink" promissory note, <u>see</u> <u>Sellers v. Bank of Am. Nat'l Ass'n</u>, Civil Action No. 1:11-CV-3955-RWS, 2012 WL 1853005, at *7 (N.D. Ga. May 21, 2012) (citations and internal marks omitted), and that separation of the promissory note and security deed does not render either instrument void, <u>see</u> <u>LaCosta</u>, 2011 WL 166902, at *5.  Indeed, an entity has the authority to exercise the

b.    **FBPA Claim**

Plaintiff alleges that BANA violated the FBPA by "engaging in dual track foreclosure, fraudulent conversion and charging false servicer fees." [Doc. 1-1 at 35]. The FBPA prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce[.]" O.C.G.A. § 10-1-393(a).  "The Georgia legislature, however, 'has evidenced a clear intent to limit the scope of the (FBPA) to the [unregulated] consumer market.'" Sheppard v. Bank of Am., NA, Civil Action File No. 1:11–CV–4472–TWT, 2012 WL 3779106, at *5 (N.D. Ga. Aug. 29, 2012) (quoting Zeeman v. Black, 273 S.E.2d 910, 914 (Ga. Ct. App. 1980) (citation omitted)); see also Chancellor v. Gateway Lincoln-Mercury, Inc., 502 S.E.2d 799, 805 (Ga. Ct. App. 1998) (stating that the FBPA was intended to "have a restricted application only to the unregulated consumer marketplace").  Accordingly, courts have found the FBPA inapplicable to many

---

power of sale under Georgia law regardless of whether it actually held the note. See Smith v. Saxon Mortg., 446 F. App'x 239, 240 (11th Cir. 2011) (per curiam) (unpublished), summarily aff'g, Civil Action No. 1:09–cv–3375-WCO, at [Doc. 31 at 3-6] (N.D. Ga. Mar. 16, 2011); see also You v. JP Morgan Chase Bank, 743 S.E.2d 428, 433 (Ga. 2013) (finding that the "holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").  Thus, to the extent plaintiff seeks to assert a wrongful foreclosure claim against BANA based on the allegation that it was not in actual possession of the note, this claim fails. See Williams v. U.S. Bank Nat'l Ass'n, Civil Action File No. 1:12–CV–3943–TWT, 2013 WL 3149450, at *1-2 (N.D. Ga. June 18, 2013), adopted at *1.

claims involving residential mortgage transactions, as these transactions are generally regulated by other federal or state laws.  See, e.g., Williams v. Wells Fargo Bank, N.A., Civil Action No. 1:12–cv–0752–JEC, 2013 WL 1189500, at *5 (N.D. Ga. Mar. 21, 2013); Zinn, 2006 WL 418437, at *4 (citing Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1336 (N.D. Ga. 2000); Chancellor, 502 S.E.2d at 805) (finding that there are no FBPA claims based upon actions occurring at the closing of a residential mortgage loan because the FBPA "does not apply in extensively regulated areas of the marketplace such as finance charges and required disclosure by lenders"); see also Pace v. CitiMortgage, Inc., No. 4:12-cv-127 (CDL), 2013 WL 55825, at *5 (M.D. Ga. Jan. 3, 2013) (finding no FBPA claim based on a lender's failure to modify a residential mortgage transaction "particularly given that [defendant] was considering the modification under [HAMP,] a federal program"); Jackman v. Hasty, Civil Action No. 1:10-CV-2485-RWS, 2011 WL 854878, at *6 (N.D. Ga. Mar. 8, 2011) ("Because the servicing of mortgages and foreclosure sales are regulated by other state and federal rules and statutes, claims related to either are exempt from the [] FBPA.").  Accordingly, because the specific conduct upon which plaintiff's claims are based, namely, BANA's alleged wrongful foreclosure, is regulated by other statutes,[17] it is hereby **RECOMMENDED** that plaintiff's FBPA

---

[17] To the extent plaintiff's allegations of unfair conduct in the collection of a debt does fall under the FBPA, plaintiff's claim would still fail because plaintiff has

claim be **DISMISSED**.  See Stroman v. Bank of Am. Corp., 852 F. Supp. 2d 1366, 1381 (N.D. Ga. 2012) (citing Kitchen v. Ameriquest Mortg. Co., Civil Action File No. 1:04-CV-2750-BBM, 2005 WL 6931610, at *7 (N.D. Ga. Apr. 29, 2005) (holding that there is no blanket exemption from the FBPA for mortgage lenders; rather the specific conduct under challenge must be regulated by another statute to trigger the exemption); see also Pace, 2013 WL 55825, at *5; Caselli v. PHH Mortg. Corp., Civil Action No. 1:11–CV–2418–RWS, 2012 WL 124027, at *7 (N.D. Ga. Jan. 13, 2012); Jackman, 2011 WL 854878, at *6.

### c.    Fraud Claims

While the complaint includes allegations of fraud, fraudulent concealment,[18] and misrepresentation, see [Doc. 1-1 at 13, 34, 36-38], plaintiff has failed to plead with particularity any fraud claims in his complaint as required by Rule 9(b) of the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 9(b) ("In alleging fraud or

---

not stated a valid FDCPA claim so he "cannot state a claim under the FBPA based on FDCPA violations."   Khadija v. Fannie Mae, Civil Action File No. 1:12–CV–02519–WSD–AJB, 2012 WL 6681736, at *9 (N.D. Ga. Nov. 30, 2012), adopted by 2012 WL 6677880, at *1 (N.D. Ga. Dec. 21, 2012).

[18] In addition to not complying with the pleading standards of Rule 9(b), plaintiff has not pled a valid fraudulent concealment claim in that he has not alleged that BANA had any legal duty to disclose or pled any circumstances to suggest the existence of such a duty.  See Lilliston v. Regions Bank, 653 S.E.2d 306, 310 (Ga. Ct. App. 2007) (citations omitted) ("A party can be held liable for fraudulently concealing a material fact only if the party has a duty to disclose or communicate the fact.").

mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "This Rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Brooks, 116 F.3d at 1370-71 (internal marks omitted) (quoting Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)).

The essential elements of fraud that must be pled are: "(1) a false representation by the defendant; (2) scienter; (3) an intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff proximately caused by the reliance." Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C., 426 F. Supp. 2d 1356, 1364 (N.D. Ga. 2006) (citations omitted). Although plaintiff generally alleges fraud with regard to the mortgage loan at issue, see [Doc. 1-1 at 13, 34, 36-38], his complaint does not identify any specific false information provided by BANA, contains no details about the alleged misrepresentations that constitute the fraud, and instead rests on conclusory allegations. Plaintiff's allegations simply fail to meet Rule 9(b)'s pleading requirements. See Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008); Brooks, 116 F.3d at 1370-71; Simpson v. Countrywide Home Loans, Civil Action File No. 1:10-CV-0224 CAM-ECS, 2010 WL 3190693, at *7 (N.D. Ga. Apr. 26, 2010),

24

adopted by 2010 WL 3190686, at *3 (N.D. Ga. Aug. 11, 2010).  Accordingly, it is

**RECOMMENDED** that plaintiff's fraud claims against BANA be **DISMISSED**.

## IV.  CONCLUSION

For the foregoing reasons, BANA's motion to stay, [Doc. 6], is **GRANTED** as set forth herein, and it is hereby **RECOMMENDED** that plaintiff's motion to remand, [Doc. 7], be **DENIED**, that BANA's motion to dismiss, [Doc. 4], be **GRANTED**, and that this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED** and **RECOMMENDED** this 1st day of October, 2013.


RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE