IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TYRONE F. SANDERS,

        Plaintiff,

v.                                                                                1:13-cv-01904-WSD

BANK OF AMERICA, N.A.,

        Defendant.

# OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [9] ("R&R") on Defendant Bank of America, N.A.'s ("Bank of America") Motion to Stay Pretrial Deadlines [6] and Motion to Dismiss the Complaint [4], and Plaintiff's Motion to Remand this action to State Court.

## I.   BACKGROUND[1]

    A.   Procedural History

On May 7, 2013, Plaintiff filed his *pro se* Complaint against Bank of

---

[1] The R&R includes a detailed discussion of the relevant facts, both in its fact section and throughout the opinion. None of the parties objected to the Magistrate Judge's findings of fact, and finding no plain error, the Court adopts them.

America in the Superior Court of Gwinnett County, Georgia.  (Notice of Removal at 2).  The Complaint refers to federal violations of the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement and Procedures Act ("RESPA").  (Id. at 3).  Plaintiff also challenges Bank of America's right to foreclose on the property, and the Complaint appears to assert state law claims of fraud and unfair business practices.  (Id. at 9-10, 30-38).

On June 6, 2013, Defendant filed a Notice of Removal [1] and removed this case to this Court.  On June 13, 2013, Defendant moved to dismiss [4] the Complaint for failure to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8(a).  Plaintiff did not oppose, or otherwise respond to, Defendant's Motion to Dismiss.  On June 21, 2013, Plaintiff moved to remand this action to the Superior Court of Gwinnett County for lack of subject matter jurisdiction.  [7].  On June 24, 2013, Defendant moved to stay discovery and pre-trial deadlines until the Court issued a ruling on its Motion to Dismiss.  [6].  Plaintiff did not oppose, or otherwise respond, to Defendant's Motion to Stay Pre-trial deadlines.  On July 11, 2013, Defendant filed a Response to the Plaintiff's Motion to Remand this action to State Court.  [8].

On October 1, 2013, Judge Vineyard issued his Final R&R.  [13].  Judge Vineyard granted the Defendant's Motion to Stay Pre-trial Deadlines until the

District Court reviewed the R&R on the pending motions. Judge Vineyard also recommended that the Plaintiff's Motion to Remand be denied, and the Complaint be dismissed because (i) the Complaint failed to comply with the notice pleading required under Rule 8 of the Federal Rules of Civil Procedure, and (ii) the Complaint failed to state any federal or state law claim upon which relief could be granted. No objections to the R&R have been filed.

## II.   DISCUSSION

### A.   Standard of Review on the Magistrate Judge's Final R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Because no objections to the Final R&R have been filed, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

### B.   Subject Matter Jurisdiction

The Plaintiff moved to remand this action to State Court on the grounds that there is no federal question at issue, and that Bank of America failed to meet its burden to prove diversity jurisdiction because the amount in controversy does not

exceed $75,000.  The Magistrate Judge recommended that the Plaintiff's Motion to Remand be denied because Bank of America had met its burden to show diversity jurisdiction, and the face of the Complaint presented questions of federal law.

> 1. *Legal Standard*

Federal courts are courts of limited jurisdiction, and thus a federal court must take care to ensure that it has jurisdiction for all cases that come before it. Rembert v. Apfel, 213 F.3d 1331, 1333–34 (11th Cir. 2000), abrogated on other grounds by Chambless v. La.-Pac. Corp., 481 F.3d 1345 (11th Cir. 2007).  To that end, a district court must always answer the question of whether it has subject matter jurisdiction to hear a case.  Id.; Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously ensure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

Under the removal statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court.  28 U.S.C. § 1441(a).  Removal generally is appropriate in three circumstances: (1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises

a federal question; or, (3) where a substantial federal issue is raised in a state-law claim that justifies the resort to federal courts.  See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14 (2005); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807-08 (1986); Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005).

The statutory requirements for diversity jurisdiction are met "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between Citizens of different States . . . ."  28 U.S.C. § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).

Where the propriety of removal is in question, the removing party has the burden to show removal is proper.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  Once a case is removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1043 (11th Cir. 2001) (two grounds for remanding a removed case are lack of subject matter jurisdiction and

procedural defects in removal); <u>Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.</u>, 254 F.3d 1317, 1319 (11th Cir. 2001) (a district court may not *sua sponte* remand a removed case for anything other than a lack of subject matter jurisdiction).

      2.    *Analysis*

There is no dispute that complete diversity exists in this case because Plaintiff resides in Gwinnett County, Georgia and he is a citizen of the State of Georgia, and the Defendant is a citizen of North Carolina with its principal place of business located in North Carolina. <u>See</u> 28 U.S.C. § 1348. The Plaintiff seeks to rescind the loan agreement, prevent foreclosure on his property, and demands $74,950.00 in compensatory damages along with an unspecified amount in punitive damages and attorneys' fees. Defendant argues that it has met the burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 because: (1) the plaintiff seeks punitive damages in addition to his claim for compensatory damages; and (2) the value of the subject property is $390,000 according to the security deed. <u>See</u> [Notice of Removal, Exhibit B at 2]. The Magistrate Judge found that the value of the property exceeded the jurisdictional amount of $75,000.

Defendant fails to provide any support for the conclusory assertion that

6

Plaintiff's claim for punitive damages, alone or when added to compensatory damages, more likely than not exceeds the $75,000 jurisdictional limit.  "Simply because the court may consider punitive damages does not mean that the federal jurisdictional minimum is satisfied merely because a plaintiff seeks such damages."  <u>Holman v. Montage Group</u>, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999) (citing <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1357 (11th Cir. 1996) <u>overruled on other grounds</u>, <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1072-1077 (11th Cir. 2010)).  The removing defendant must demonstrate that it is more likely than not that the amount in controversy meets the court's jurisdictional threshold.  <u>Id.</u>  "Unless the removing defendant can demonstrate that the damages sought by the plaintiff meet the amount-in-controversy requirement, an unspecified claim for punitive damages, standing alone, is insufficient to establish federal subject matter jurisdiction."  <u>Id.</u>  The Defendant has not offered any extrinsic evidence or cited any comparable cases to show that its potential liability could be more than $75,000.  The Court does not have subject matter jurisdiction merely because the Plaintiff has asserted that he is entitled to punitive damages.

With respect to Plaintiff's request to enjoin or set aside foreclosure, "the amount in controversy [is] measured by the value of the object of the litigation, that is, the property's undisputed fair market value."  <u>Ballew v. Roundpoint Mortg.</u>

Serv. Corp., No. 12-11420, 2012 WL 4373004, at *1 (11th Cir. Sept. 26, 2012) (quoting Occidental Chem. Corp. v. Bullard, 995 F.2d 1046, 1047 (11th Cir. 1993)). The original loan amount listed on the security deed does not establish the fair market value of the property at the time of removal. See Ballew v. Roundpoint Mortg. Serv. Corp., 491 F. App'x 25, 26 (11th Cir. 2012) (in an action to enjoin foreclosure sale, where plaintiffs submitted letter showing outstanding balance on mortgage and defendants submitted note and security deed, neither submission clearly established the fair market value of the property at issue); Occidental, 995 F.2d at 1047 (in an action for specific performance of a contract to purchase land, fair market value of the property, not the contract price, established the amount in controversy); Frontera Trans. Co. v. Abaunza, 271 F. 199, 201 (5th Cir. 1921)[2] (Where plaintiff "sought to prevent the defendant from using his mortgage . . . for any purpose, and to clear up the title to this entire property," "the value of the lands, not the amount required to redeem [the mortgage was] the amount in controversy."). The Defendant cannot rely on the loan amount listed on the security deed as a basis for diversity jurisdiction over Plaintiff's claim to enjoin foreclosure proceedings. The Court does not adopt the Magistrate Judge's

---

[2]   In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Former Fifth Circuit issued before the close of business on September 30, 1981.

recommendation to the extent the R&R finds diversity jurisdiction over Plaintiff's claims, based on Plaintiff's claim of punitive damages, or because Defendant claimed that the security deed supports that the amount in controversy exceeds $75,000.  See R&R at 7, fn. 8.

The Plaintiff, however, also disputes that he has an outstanding loan and seeks to rescind the loan agreement.  [Notice of Removal, Exhibit A at 10]. Several courts have found that the amount in controversy is the loan amount where a plaintiff seeks to invalidate a loan agreement.  McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012) (citing Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010)); Davis v. World Savings Bank, FSB, 806 F. Supp. 2d 159, 164-165 (D. D.C. 2011) (finding that the amount in controversy is equal to the amount of the loan because plaintiff sought to rescind the loan agreement); see also Ashley v. Bank of America, N.A., No. 1:11-cv-3762-RWS, 2012 WL 2373248, at *3 (N.D. Ga. June 21, 2012) (implying that the original loan amount would be relevant to the amount in controversy requirement if plaintiff sought to invalidate the loan).  Diversity jurisdiction, in a case seeking rescission, may be based on the original loan amount of $390,000 because the Plaintiff denies that he owes to the Defendant the amount evidenced by the loan. [Notice of Removal, Ex. A at 10].  The Court thus finds no plain error in the

Magistrate Judge's ultimate conclusion that the amount in controversy exceeds $75,000 for the purpose of establishing diversity jurisdiction even though the Court does not agree with the Magistrate Judge's analytical approach regarding the amount in controversy requirement in this action.

The Court also finds no plain error with the Magistrate Judge's recommendation that the Plaintiff's Motion to Remand be denied because the Plaintiff's Complaint, on its face, also raises questions of federal law.  The Complaint makes passing references to federal statutes, including RESPA and the FDCPA, and the United States Constitution.  The substantive nature of the Plaintiff's claims is, therefore, grounded in federal law, and the Court has subject matter jurisdiction.  In short, the Court finds that it has federal subject matter jurisdiction over this action.

    C.    <u>Shotgun Pleading</u>

The Complaint does not contain any specific counts and lists forty-seven "Facts" that do not bear any relevance to the claims being made by Plaintiff.  The Magistrate Judge recommended that the Complaint be dismissed as an impermissible shotgun pleading due to its vague and conclusory nature, which as a result, deprived the Defendant of framing a proper responsive pleading.

       1.    *Legal Standard*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2).  Byrne v. Nezhat, 261 F.3d 1075, 1129–30 (11th Cir. 2001).  Shotgun pleadings fail to make the connection between "the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279–80 (11th Cir. 2006). The problem with such pleadings "is not that [courts] know that the plaintiffs cannot state a claim but rather that [they] do not know whether they have."  Id. at 1280.  The Eleventh Circuit has explained that, "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996).

       2.    *Analysis*

Plaintiff's Complaint fails to satisfy the minimum requirements of Rule 8(a)(2) and constitutes a "shotgun pleading."  The Court is unable to evaluate the factual predicates of the underlying allegations in the Complain or the nature of the claims asserted.  The Court finds no plain error in the Magistrate Judge's finding that the Complaint is an impermissible "shotgun pleading" that fails to meet the requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure, and dismissal is warranted on this basis alone.  See, e.g., Osahar, 297 F. App'x at 864; Maldonado v. Snead, 168 F. App'x 373, 377 (11th Cir. 2006); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc ., 162 F.3d 1290, 1333 (11th Cir. 1998).  However, construing Plaintiff's *pro se* pleading liberally, and also the Defendant's efforts to decipher Plaintiff's claims in this action, the Court considers whether any or all of the Plaintiff's claims are required to be dismissed.

D.   RESPA and FDCPA

Plaintiff's Complaint appears to allege that the Defendant violated RESPA because it failed to provide Plaintiff with a Qualified Written Request ("QWR"), although Plaintiff does not allege that he sent a QWR to the address provided for receiving QWRs, and also does not allege that the Defendant otherwise received a QWR.  Plaintiff also failed to assert that the failure to provide him with a QWR

12

resulted in actual damages to him.  The Magistrate Judge concluded that the Plaintiff failed to state a claim against the Defendant under RESPA because of the factual deficiencies in the Complaint concerning the QWR, and because the Plaintiff failed to plead actual damages.

With respect to the Plaintiff's conclusory statements regarding Defendant's alleged violation of the FDCPA, the Magistrate Judge concluded that Plaintiff had failed to show that Bank of America was a "debt collector" under FDCPA.  The Magistrate Judge also found that Plaintiff did not have standing to pursue a FDCPA claim against the Defendant because foreclosing on a security interest is not considered debt collection activity under FDCPA.  The Court finds no plain error in the Magistrate Judge's recommendation that the Plaintiff's RESPA and FDCPA claims are required to be dismissed.

### E.     State Law Claims

Plaintiff challenges the Defendant's right to foreclose on the property, and asserts conclusory allegations to support state law claims of fraud and unfair business practices.  The Magistrate Judge concluded that the Defendant had standing to foreclose on the property because Georgia law did not require the Defendant to produce the original promissory note before exercising the power of sale.  As for the Plaintiff's unfair business practices claim, the Magistrate Judge

found that the Plaintiff failed to state a claim under the Georgia Fair Business Practices Act ("FBPA") because FBPA does not apply to mortgage foreclosures. The Magistrate Judge further found that the Plaintiff's allegations of fraud failed to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure because the Complaint did not identify any specific false statements or provide any details about the alleged misrepresentations made by the Defendant.

The Court finds no plain error in the Magistrate Judge's recommendation that these remaining state law claims are required to be dismissed.

Because of Plaintiff's *pro se* status, the Court determines that this action should be dismissed without prejudice to allow Plaintiff the opportunity to re-file a properly drafted complaint.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS MODIFIED** Magistrate Judge Russell Vineyard's Final Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand to State Court is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Pre-Trial Deadlines is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint is **DISMISSED**.

**SO ORDERED** this 16th day of December, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE